**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:

CHONG YON HUBER
a/k/a SUJIN CHONG HUBER
a/k/a SUJIN HUBER

CHAPTER 13

CASE NO. 5 -bk-20- 00795-RNO

___ ORIGINAL PLAN
2nd AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

# CHAPTER 13 PLAN

## NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | ✔ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✔ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✔ Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $1,400.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $240.00, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2020 | 02/2025 | 200.00 | 11.00 | 211.00 | 12660.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 12660.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (✔) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor estimates that a minimum of $________ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $-0-__________. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $____________ from the sale of property known and designated as _____________________________________. All sales shall be completed by _________________, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: ____________________________________________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: ____________________________________________________________

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

✔ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Matrix Financial Services | 8290 | 40.00 |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Matrix Financial Services | Debtor's Residence | 8290 |
| | | |
| | | |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Matrix Financial Services | Debtor's Residence | 1,640.00 | -0- | 1,640.00 |
| | | | | |
| | | | | |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

✔ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| **Name of Creditor** | **Description of Collateral** | **Principal Balance of Claim** | **Interest Rate** | **Total to be Paid in Plan** |
|---|---|---|---|---|
| Bank of America, N.A. | 2018 Honda CRV<br>VIN No.:<br>2HKRW2H81JH6825645 | 28,940.30 | 4.74 | 32,562.00 |
| | | | | |
| | | | | |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F. Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $2000.00 already paid by the Debtor, the amount of $1,900.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____________ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |
| | |

**C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

_✔_ plan confirmation.
___ entry of discharge.
___ closing of case.

## 7. DISCHARGE: (Check one)

(✔) The debtor will seek a discharge pursuant to § 1328(a).
(  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: ____________________

Level 2: ____________________

Level 3: ____________________

Level 4: ____________________

Level 5: ____________________

Level 6: ____________________

Level 7: ____________________

Level 8: ____________________


*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

NONE

Dated: OCTOBER 19, 2020

S/Alan Brian Jones, Esquire
Attorney for Debtor

s/ Chong Yon Huber
Debtor

N/A
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

**LOCAL BANKRUPTCY FORM 3015-2(a)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**IN RE:**
CHONG YON HUBER
a/k/a SUJIN CHONG HUBER
a/k/a SUJIN JUBER

**Debtor(s)**

**CHAPTER 13**

**CASE NO.** 5 - 20 **-bk-**00795

**CERTIFICATION REGARDING SERVICE OF AMENDED CHAPTER 13 PLAN**
(Altering Treatment of Claims)

The undersigned, counsel for the above-captioned Debtor(s), hereby certifies that the Second Amended Chapter 13 Plan filed on 10/20/2020 proposes to alter the treatment of the claims of the following creditors included in the confirmed Chapter 13 Plan:

Change of amount due to the secured creditor vis-a-vis total amount due

I further certify that notice of the filing of the Second Amended Chapter 13 Plan has been served on the above listed creditors and the Chapter 13 trustee, as evidenced by the attached certificate of service, and that no other party, other than the creditors listed above, will be affected by the provisions of the Second Amended Chapter 13 Plan.

s/ Alan Brian Jones
Counsel for Debtor(s)

Dated: 10/20/2020

FORM C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF:
CHONG YON HUBER )
a/k/a SUJIN CHONG HUBER ) Chapter: 13
ak/a SUJIN HUBER )
) Case Number: 5:20-bk-00795
)
DEBTOR(S) )

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on 10/20/2020, I served a copy of the Debtort's Second Amended Chapter 13 Plan with Notice on the following parties in this matter:

| ***Name and Address*** | ***Mode of Service*** |
|---|---|
| All of Debtor's Secured Creditors, Unsecured Priority Creditors, Unsecured Creditors are all listed in the Attached Exhibit "A". These names and addresses were taken from the Creditor Matrix originally filed with the Court. | Service made through the PACER System with the Court |
| Charles J. DeHart, II, Esquire<br>Local Bankruptcy Trustee<br>8125 Adams Drive<br>Suite A<br>Hummelstown, Pennsylvania 17036 | Service made through the PACER System with the Court |
| Office of the United States Trustee<br>228 Walnut Street<br>Suite 1190<br>Harrisburg, Pennsylvania 17101 | Service made through the PACER System with the Court |
| | |
| | |

I certify under penalty of perjury that the foregoing is true and correct.

Date: 10/20/2020

Name: s/ Alan Brian Jones
*Printed Name of Attorney*
Address: P.O. Box 627
Lake Ariel, Pennsylvania 18436-0627

Revised: 03/22/05

CHONG YON HUBER
3 WAGON ROAD
JEFFERSON TOWNSHIP, PA 18436-3950

GENESIS FS CARD SERVICES
P.O. BOX 84049
COLUMBUS, GA 31908-4049

SCRANTON ENDOCOPY CENTE
517 ASH STREET
SUITE 1
SCRANTON, PA 18509-2903

ALAN BRIAN JONES, ESQUIRE
LAW OFFICES OF ALAN BRIAN JONES
P.O. BOX 627
LAKE ARIEL, PA 18436-0627

J.C. PENNEY
C/O SYNCHRONY BANK
P.O. BOX960090
ORLANDO, FL 32896-0090

SYNCHRONY BANK/AMAZON
P.O. BOX 960013
ORLANDO, FL 32896-0013

AMERICAM EXPRESS
P.O. BOX981535
EL PASO, TX 79998-1535

KEYSTONE MEDICAL LABORATORIES
P. O. BOX 1878
KINGSTON, PA 18704

THE CENTER FOR ESTHETIC DI
1112 MEADE STREET
SCRANTON, PA 18512

AMERICAM EXPRESS
P.O. BOX981535
EL PASO, TX 79998-1535

LOWES STORE
P.O. BOX 530914
ATLANTA, GA 30353-0914

THE HOME DEPOT
P.O. BOX 9001010
LOUISVILLE, KY 40290-1010

BANK OF AMERICA
P.O. BOX 45224
JACKSONVILLE, FL 32232-5224

MACYS
C/O BANKRUPYCY PROCEEDING
P.O. BOX 8053
MASON, OH 45050

ULTRA BEAUTY
P.O. BOX 659820
SAN ANTONIO, TX 78265-9120

BBVA COMPASS
P.O. BOX192
BIRMINGHAM, AL 35201-0192

NBT BANK
P.O. BOX 790408
SAINT LOUIS, MO 63179-0408

VIDA VACATIONS
MAIL SERVICES
P.O. BOX 56369
HOUSTON, TX 77256

BOSCOV'S
C/O COMENITY, BANKRUPTCY DEEPT
P.O. BOX 183043
COLUMBUS, OH 43218-3043

PEOPLE'S SECURITY BANK & TRUST CO
CARDMEMBER SERVICES
P.O. BOX 790408
SAINT LOUIS, MO 63179-0408

WALMART/SYNCHRONY BANK
P.O. BOX 530927
ATLANTA, GA 30353-0927

CHASE CARD SERVICES
P.O. BOX 1423
WILMINGTON, DE 19850-5298

PROFESSIONAL ACCOUNT SERVICES
COLLECTING FOR MOSES TAYLOR HOSPITA
P.O. BOX 188
BRENTWOOD, TN 37024-0188

COMENITY- VICTORIA'S SECRET
P.O. BOX 659728
SAN ANTONIO, TX 78265-9728

RESIDENTIAL GLOBAL SOLUTION, INC.
COLLECTING FOR AMEX
500 NORTH FRANKLIN ST, SUITE 200
RAMSEY, NJ 07446

FLAGSTAR BANK
PO BOX 660263
DALLAS, TX 75261-0263

SAM'S CLUB MC/SYNCB
P.O. BOX 960013
ORLANDO, FL 32896-0013